## Estate of Rufus N. Ramsay v. The People, etc., for the use of the Commissioners of the Asylum for Insane Criminals.

1. OFFICIAL BONDS—*Sufficiency of Acknowledgments Before Notaries of Other States.*—Official bonds are required to be acknowledged before some officer authorized by law to take the acknowledgments of instruments under seal, and when taken before a notary outside of the State it must be certified by him under his seal of office and when so taken and certified it does not matter whether or not the notary was authorized by the laws of his own State to take acknowledgments of instruments under seal, and an acknowledgment of an official bond so taken and certified is sufficient to allow it to be admitted in evidence in a suit brought upon it.

Debt, upon an official bond. Appeal.from the Circuit Court of Clinton County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

JOHN G. IRWIN and M. P. MURRAY, attorneys for appellant.

VAN HOOREBEKE & LOUDEN, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

This case, in its main features, is the same as the case of the same appellant v. the People of the State of Illinois, for the use of the Commissioners of the Southern Illinois Penitentiary, decided at the present term of this court. (See case reported *ante.*)

That case was really an action on the official bond of James D. Baker, as warden of the Southern Illinois Penitentiary, against the estate of Rufus N. Ramsay, the deceased, being one of the sureties on the bond, and this case is really an action on the bond of said James D. Baker, as treasurer of the Illinois Asylum for Insane Criminals. The penalty of the bond is $25,000 and the condition of it is as follows:                                   。

" The condition of the ˉabove obligation is such that whereas the said James D. Baker has been appointed treasurer of the Illinois Asylum for Insane Criminals, a public

institution incorporated by the State of Illinois, and situated at Chester, in the said State.

Now therefore, if the above bounden James D. Baker shall faithfully perform all the duties of this said office, as required of him by the laws which are now or may be hereafter in force, then this obligation to be void, otherwise to remain in full force and virtue."

The bond was dated February 13, 1893, and Rufus N. Ramsay and Henry Seiter were sureties on it. It was approved by the commissioners of the Southern Illinois Penitentiary and by the governor of the State.

Baker resigned the office of treasurer January 2, 1895, and one A. A. Short was appointed his successor. The former action was brought to recover the money in Baker's hands, as warden of the Southern Illinois Penitentiary, when he resigned that office, and this action was brought to recover the money in Baker's hands as treasurer of the Illinois Asylum for Insane Criminals when he resigned that office.

The two cases were practically consolidated and were tried together. In this case appellees recovered a judgment against the Ramsay estate for $5,809.86, as a seventh class claim.

The contentions of the counsel on each side of the two cases are substantially the same in each case, with the exception that it is contended by counsel for appellant in this case that the court erred in receiving the bond in evidence over the objection of appellant's counsel, for the reason that although it was acknowledged before a notary public in Missouri, there was no evidence that the notary was authorized by the laws of that State to take the acknowledgment.

The contention could not well be answered if the authority to take the acknowledgment depended upon the law of that State, which it does not, but depends entirely upon the law of this State.

Section 1 of chapter 103 of Hurd's Revised Statutes of 1899, provides that official bonds shall be "acknowledged before some officer authorized by law to take acknowledg-

ments of instruments under seal," and section 20 of chapter 30, of the same statutes, provides that deeds, mortgages, etc., may be acknowledged before a notary public, but when the acknowledgment is so taken before a notary public, without this State, etc., it shall be certified by him "under his seal of office." The acknowledgment was so certified, and it will thus be seen that it was taken according to the law of this State, and it does not matter whether the notary was authorized by the laws of Missouri to take acknowledgments of sealed instruments or not. In holding the acknowledgment of the execution of the bond sufficient to allow it to be introduced in evidence, we are not to be understood as holding that where an action is brought against the estate of a deceased person upon a written instrument purporting to have been made by such person in his lifetime, and a copy of the instrument is filed with the declaration in the case, that such a case does not fall under section 34 of the practice act (as the sections are numbered in Hurd's R. S. of 1899).

None of the authorities cited by counsel for appellant in support of their contention are applicable to the facts as they appear in this record.

The judgment is affirmed.